**NOT FOR PUBLICATION**

FILED

MAY 15 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| VARUZHAN BABKENY TATULYAN; BABKEN VARUZHANY TATULYAN, Petitioners, v. WILLIAM P. BARR, Attorney General, Respondent. | No. 16-70028 Agency Nos. A099-709-524, A099-709-525 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 12, 2020**
Pasadena, California

Before: WARDLAW, COOK,*** and OWENS, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Deborah L. Cook, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

Varuzhan Tatulyan and his son, natives and citizens of Armenia, petition for review of the denial of their asylum claims. Because substantial evidence supports the Immigration Judge's adverse credibility determination, we deny the petition.

## I.

Before the IJ, Tatulyan testified that he discovered his employer exporting raw copper in violation of Armenian law and reported the lawbreaking to a local prosecutor. He testified that due to his report the Armenian police raided his home and unlawfully detained and beat him. Then, he explained, he and his wife received threatening phone calls, and plainclothes officers attacked him near his home. Tatulyan and his son fled Armenia for the United States and applied for asylum, withholding of removal, and relief under the Convention Against Torture.

Relying on over 300 pages of testimony from Tatulyan and a supporting witness, the IJ denied the claims.[1] The BIA dismissed Tatulyan's appeal, and he petitions for review.

## II.

We review the IJ's decision "under the highly deferential 'substantial evidence' standard." *Zetino v. Holder*, 622 F.3d 1007, 1012 (9th Cir. 2010) (citation omitted).

---

[1] As the BIA explained, Tatulyan's asylum application "applies to his son[,]" who was a minor at the time of the application; their claims rise or fall together.

## A. Asylum

"An asylum applicant bears the burden of establishing his claim through credible evidence." *Ai Jun Zhi v. Holder*, 751 F.3d 1088, 1091 (9th Cir. 2014). In assessing an applicant's credibility, an IJ must consider "the totality of the circumstances[.]" *Shrestha v. Holder*, 590 F.3d 1034, 1043 (9th Cir. 2010) (citation and internal quotation mark omitted). We uphold an IJ's credibility determination "unless the evidence compels a contrary result." *Almaghzar v. Gonzales*, 457 F.3d 915, 920 (9th Cir. 2006) (citation omitted).

Substantial evidence supports the IJ's adverse credibility finding. The IJ found Tatulyan's testimony not credible due to "numerous material inconsistencies and omissions." As the IJ observed, Tatulyan testified inconsistently on whether Armenia criminalizes raw metal exports. For example, he initially stated that Armenia bans all such exports before testifying that companies may export with permission, and he could not identify which government agency grants such authorization. Tatulyan argued during his IJ hearing that the interpreter erroneously translated his testimony on this point. But because the DOJ's language services unit evaluated and approved the translation, and because Tatulyan has not explained how specifically the translator erred, the IJ reasonably relied on it in denying the claims.

Tatulyan's testimony included further inconsistencies regarding his arrest and detention. He provided widely varying estimates of the duration of his police

beating—initially stating that it continued for twenty-five minutes, later testifying to it lasting only one minute. And he contradicted himself regarding the object used to strike him.

The IJ also found that Tatulyan testified implausibly when he claimed that he refused to seek treatment at a hospital for fear that someone would alert the police. Despite this purported fear, he asked a police officer for help after his wife received threatening phone calls. The IJ reasonably "f[ound] it questionable that [Tatulyan] would go to the same entity that was allegedly persecuting him."

Tatulyan also contradicted the female witness he had testify in support of his application. The IJ found this witness credible in undermining Tatulyan's story. For example, regarding the attack near his home Tatulyan said that the witness knew of the incident because the witness recounted it to Tatulyan's wife. But the witness testified that she "didn't tell [Tatulyan's wife] anything[.]" Though Tatulyan's brief offers "plausible" explanations for his various inconsistencies, they fail to "compel[] the interpretation[s]" he advocates. *Lianhua Jiang v. Holder*, 754 F.3d 733, 740 (9th Cir. 2014).

In denying his claim the IJ also relied on Tatulyan's "fail[ure] to provide important corroborating evidence or to articulate reasonable explanations for" the absence of such evidence. He applied for asylum in 2006 and began testifying in 2011, affording him ample time to support his claims with documents and testimony.

*See* 8 U.S.C. § 1158(b)(1)(B)(ii). As the IJ found, however, Tatulyan failed to corroborate key allegations that Armenia banned raw metal exports; that he reported lawbreaking to the prosecutor; that police arrested and beat him; that undercover police officers attacked him outside his home; and that he suffered severe injuries. "[D]enuded of" these allegations, Tatulyan's story collapses. *See Shrestha*, 590 F.3d at 1049. Though Tatulyan attempted to explain to the IJ the absence of corroborating evidence, the record did not compel her to accept his explanations. *Aden v. Holder*, 589 F.3d 1040, 1046 (9th Cir. 2009).

## B. Withholding of Removal

Because Tatulyan has not shown that his evidence satisfies the "lesser standard of proof" for asylum, he fails to carry the "more stringent" burden of demonstrating entitlement for withholding of removal. *Ghaly v. I.N.S.*, 58 F.3d 1425, 1429 (9th Cir. 1995).

## C. Protection under the Convention Against Torture

"To receive CAT protection, a petitioner must prove that it is 'more likely than not' that he or she would be tortured if removed." *Shrestha*, 590 F.3d at 1048 (quoting 8 C.F.R. § 1208.16(c)(2)). Here Tatulyan's "lack of credible testimony" and failure "to provide credible evidence to demonstrate that he was subjected to persecution or torture in Armenia" led the IJ to find this burden unmet. Given

Tatulyan's failure to corroborate several key allegations, substantial evidence supports the IJ's conclusion. *See id.* at 1049.

## III.

We **DENY** the petition.